# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JEFFREY PAYDEN, )<br>)<br>           **Plaintiff,** )<br>)<br>v. )<br>)<br>MICHAEL J. ASTRUE, )<br>**Commissioner of Social Security,** )<br>)<br>           **Defendant.** )<br>_____ ) | CIVIL ACTION<br><br>No. 10-1039-JWL |

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Commissioner of Social Security (hereinafter Commissioner) denying disability insurance benefits (DIB) under sections 216(i) and 223 of the Social Security Act. 42 U.S.C. §§ 416(i) and 423 (hereinafter the Act). The court finds the decision below is ambiguous regarding the administrative law judge's (ALJ's) consideration of Plaintiff's capacity for sitting, standing, and walking in an eight-hour workday, rendering the decision unreviewable with regard to the weight accorded the opinion of the reviewing state agency medical consultant,[1] and the

---

[1] The ALJ refers to "opinions rendered by the State agency medical consultants." (R. 15). Plaintiff's brief does not address the correctness of this characterization. The Commissioner correctly points out that the original "opinion" was completed by a Disability Examiner who is not a physician, but that it was later reviewed and affirmed by a medical consultant, Dr. Parsons. (Comm'r Br 7, n.2). The court considers the residual functional capacity assessment to which the ALJ and the parties refer, and which the reviewing state agency medical consultant affirmed, to be the opinion of that consultant.

hypothetical question presented to the vocational expert regarding Plaintiff's capacity for sitting and standing for a particular length of time. Therefore, the court ORDERS that the Commissioner's decision is REVERSED, and that judgment shall be entered in accordance with the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent with this opinion.

**I.     Background**

Plaintiff applied for DIB and supplemental security income[2] (SSI) on December 11, 2006[3] alleging disability since April 4, 2004. (R. 10, 116-23). The applications were denied initially and upon reconsideration, and Plaintiff requested a hearing before an ALJ. (R. 10, 52-68). Plaintiff's request was granted, and Plaintiff appeared with counsel for a hearing before ALJ Edmund C. Werre on March 23, 2009. Id. at 10. At the hearing, Plaintiff amended his alleged onset date to November 25, 2005, and testimony was taken from Plaintiff and from a vocational expert. (R. 10, 18-51).

ALJ Werre issued his decision on May 11, 2009, finding that there are a significant number of jobs in the economy which Plaintiff has the capacity to perform. (R. 10-17). Consequently, he denied the application for DIB. (R. 17). Plaintiff requested Appeals

---

[2]The decision at issue only mentions Plaintiff's application for DIB and denies only that "application for a period of disability and disability insurance benefits filed on December 11, 2006." (R. 17). Moreover, neither Plaintiff nor Defendant mentions the application for SSI in their briefs. Nonetheless, the record reveals Plaintiff applied for SSI. (R. 116-19). If necessary, the Commissioner may clarify this issue on remand.

[3]The applications are dated December 14, 2006 (R. 116-23), but the court uses the date stated by the ALJ, which has not been contested. (R. 10).

Council review of the decision denying benefits, but his request was denied. (R. 1-6). Therefore, the ALJ's decision is the final decision of the Commissioner. (R. 1); Cowan v. Astrue, 552 F.3d 1182, 1184 (10th Cir. 2008). Plaintiff now seeks judicial review.

## II.     Legal Standard

The court's jurisdiction and review are guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1051-52 (10th Cir. 2009) (citing 42 U.S.C. § 405(g)). Section 405(g) of the Act provides that, "The findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." The court must determine whether the factual findings are supported by substantial evidence in the record and whether the ALJ applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but less than a preponderance, and it is such evidence as a reasonable mind might accept to support a conclusion. Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988). The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). The determination of whether substantial evidence supports the Commissioner's decision, however, is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

3

An individual is under a disability only if that individual can establish that he has a physical or mental impairment which prevents him from engaging in substantial gainful activity and is expected to result in death or to last for a continuous period of at least twelve months. Thompson v. Sullivan, 987 F.2d 1482, 1486 (10th Cir. 1993) (citing 42 U.S.C. § 423(d)). The claimant's impairments must be of such severity that he is not only unable to perform his past relevant work, but cannot, considering his age, education, and work experience, engage in any other substantial gainful work existing in the national economy. 42 U.S.C. § 423(d)(2)(A).

The Commissioner uses a five-step sequential process to evaluate whether a claimant is disabled. 20 C.F.R. § 404.1520 (2009); Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Id. (quoting Lax, 489 F.3d at 1084.)

In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether he has a severe impairment, and whether the severity of his impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Williams, 844 F.2d at 750-51. If claimant's impairment(s) does not meet or equal a listed impairment, the Commissioner assesses residual functional capacity (RFC). 20 C.F.R. § 404.1520(e). This assessment is used at both step four and step five of the sequential process. Id.

After assessing claimant's RFC, the Commissioner evaluates steps four and five-- whether claimant can perform his past relevant work, and whether, when considering vocational factors of age, education, and work experience, he is able to perform other work in the economy. Wilson, 602 F.3d at 1139 (citing Lax, 489 F.3d at 1084). In steps one through four the burden is on claimant to prove a disability that prevents performance of past relevant work. Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show jobs in the national economy within Plaintiff's capacity. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

Plaintiff claims the ALJ erred: in rejecting Dr. Jones's diagnosis of "failed back surgery syndrome;" in failing to weigh the opinion of the state agency reviewing consultant; in failing to explain the basis for his finding that Plaintiff required work allowing for the option to alternate sitting and standing every thirty minutes; and in failing to provide a hypothetical question to the vocational expert which precisely matched the RFC ultimately assessed. (Pl. Br. 1). The Commissioner opposes Plaintiff's allegations, and argues that the ALJ properly considered the medical opinions both of Dr. Jones, and of the state agency reviewing consultant; properly assessed Plaintiff's RFC, including the finding that Plaintiff must alternate sitting and standing every thirty minutes; and posed a proper hypothetical question to the vocational expert.

Plaintiff's arguments regarding the opinion of the state agency consultant, regarding Plaintiff's need to alternate sitting and standing at thirty minute intervals, and

regarding the hypothetical question presented to the vocational expert each implicate Plaintiff's capacity to sit, stand, and walk in an eight-hour workday, and highlight ambiguities in the record and in the Commissioner's decision which render the decision unreviewable by the court. Therefore, the court will address those issues together and will remand the case for clarification of the ambiguities presented and for a proper assessment of Plaintiff's capacity to sit, stand, and walk. Plaintiff may make his arguments regarding evaluation of Dr. Jones's diagnosis to the Commissioner on remand.

## III. Assessment of Ability to Sit, Stand, and Walk

Three of Plaintiff's arguments implicate the ALJ's RFC assessment with regard to Plaintiff's ability to sit, stand, and walk. Plaintiff asserted that the state agency reviewing consultant opined that Plaintiff is capable only of sedentary work, whereas the ALJ found Plaintiff capable of light work limited by the need to alternate sitting and standing every thirty minutes. (Pl. Br. 14). Plaintiff argued that the ALJ erred by failing to explain why he did not accept the state agency consultant's opinion. Id. Plaintiff also argued that substantial evidence does not support the ALJ's determination that Plaintiff is able to stand for thirty minutes at a time (Pl. Br. 7), and that the ALJ erred by including in his hypothetical question that Plaintiff "would have to remain sitting every thirty minutes" (Pl. Br. 8), without including a specific requirement that Plaintiff must alternate sitting and standing at thirty minute intervals. (Pl. Br. 8-11). The Commissioner argued, "The ALJ noted that the State agency consultant's assessment was supported by the record for the most part but," that the ALJ included a sit/stand option based upon evidence received

at the hearing. (Comm'r Br. 7). He argued Plaintiff points to nothing in the consultant's assessment which supports Plaintiff's claim. Id. He argued that the finding Plaintiff can stand for thirty minutes at a time is supported by the finding Plaintiff's allegations are not credible; that Dr. Tomecek's opinion Plaintiff can stand and/or walk four hours a day is "not necessarily inconsistent" with alternating sitting and standing at thirty minute intervals; and that even if Plaintiff cannot stand thirty minutes at a time, he is still able to perform the sedentary jobs to which the vocational expert testified. (Comm'r Br. 8). Finally, the Commissioner argues that the hypothetical question was proper because, "if Plaintiff had to sit every thirty minutes, in a work setting he would have to be on his feet for the thirty minutes between sitting times." (Comm'r Br. 9).

When the court began considering the decision and the record evidence in an attempt to decide the arguments presented by the parties, it became apparent that the decision leaves some ambiguities which the court is unable to clarify. Consideration of the decision and the record evidence reveals the following facts. The ALJ assessed Plaintiff with the RFC for a range of light work, including sitting six hours in a workday, and standing or walking six hours in a workday, with a need to alternate sitting and standing every thirty minutes. (R. 13). The ALJ noted that Plaintiff's treating physician, Dr. Tomecek assigned permanent restrictions to Plaintiff including limitations to sit four hours a day, stand two hours a day, and walk two hours a day. (R. 14) (citing Ex. 65/83-85 (R. 522-24)). The ALJ accorded "substantial weight" to the opinion of Dr. Tomecek "except for his limitation of sitting restricted to 4 hours per day." (R. 15). The ALJ

7

provided an explanation for excepting the limitation regarding sitting, noting that Dr. Tomecek previously determined Plaintiff could sit six hours in a workday and Dr. Tomecek opined that Plaintiff "could work in a light duty type job." Id.

The ALJ also discussed his consideration of the opinion of the reviewing state agency medical consultant: "The record supports, for the most part, the residual functional capacity opinions rendered by [the consultant] (Exhibit 10F, affirmed at 11F). The undersigned added the limitation of alternating sitting and standing based on the evidence received at hearing." (R. 15). The exhibits cited by the ALJ as the opinion of the reviewing state agency medical consultant do not contain specific sitting and standing and/or walking limitations. (R. 563-70). However, notations contained in the exhibits state, "Dr. Tomecek indicates [Plaintiff] should participate in voc[ational] rehab[ilitation] and return to light work, though his recommendations are not completely in line with light work." (R. 567). The notations conclude, "In our judgment, he is reasonably capable of sitting, lifting, walking and standing as necessary for sedentary work. He appears capable of sitting for 6 hours with minimal change of position or standing breaks." Id. The state agency reviewing consultant's opinion also indicates an assessment of the weight given Dr. Tomecek's opinion. "Dr. says [claimant] is capable of returning to light work but says he can walk, stand 4 hours and sit 4 hours which is not totally consistent with light work. . . . Dr. Tomacek's [sic] opinion is given considerable weight. The determination is independently made and reserved for the commissioner but is generally consistant [sic]

8

except that it appears in our judgment based on daily activities that c[laimant] is capable of sitting 6 hours per day."

In stating the hypothetical individual's limitations in his hypothetical question to the vocational expert, the ALJ stated, "standing, walking six hours of an eight hour work day; sitting six hours of an eight hour work day; would have to remain sitting every thirty minutes." (R. 48). Later, the vocational expert explained his responses, "there's a limit to the number of jobs that would allow the alternation that you requested." (R. 49).

Three factors make it impossible for the court to review the decision in this case. First, the record does not contain page two of the Physical Residual Functional Capacity Assessment form affirmed by the state agency reviewing consultant. That is the page that usually contains the physician's opinion regarding the length of time the claimant can sit and stand and/or walk in an eight-hour workday. The page is missing, and that information is not ascertainable on this record. The form appears at exhibit 10F in the record. (R. 563-69). The pages of the exhibit are consecutively numbered in the lower right hand corner of each page with the number of that page in the administrative record. (R. 563, 564, 565, 566, 567, 568, 569). Each page is also numbered in the upper right hand corner with the exhibit number and the page number of that page within the exhibit. I.e., Exhibit 10F, Page 1 of 7; Exhibit 10F, Page 2 of 7; Exhibit 10F, Page 3 of 7; . . .; etc. (R. 563-69). However, "Page 2" of the Physical RFC Assessment form, is simply not contained in the administrative record. On "Page 1" of the form, in the lower right hand corner, there is a block checked which indicates "Continued on Page 2." (R. 563).

9

However, the next page of the administrative record is numbered "Page 3" of the form, but it is numbered "Page 2 of 7" in Exhibit 10F, and is consecutively numbered within the administrative record. (R. 564). The court is unable to determine if "Page 2" of the form was ever completed, but it appears that if it was completed, it was not present either when Exhibit 10F was numbered and placed in the administrative record or when the record was numbered. Therefore, it does not appear as though a page of the record is missing, but it appears that "Page 2" of the form, if it ever existed, was never made a part of the administrative record.

Therefore, the court is unable to ascertain definitively whether the reviewing state agency medical consultant determined that Plaintiff is capable of sedentary work, or light work. Plaintiff asserts that the consultant limited Plaintiff to sedentary work. (Pl. Brief 14). There is evidence from which an ALJ might have determined, despite the missing page from the Physical RFC Assessment form, that the consultant limited Plaintiff to sedentary work. (R. 567-68) (consultant found Plaintiff capable of sitting, standing, and walking as necessary for sedentary work; and specifically found that Plaintiff was able to sit six hours in a work day, but did not specifically find Plaintiff was able to stand/walk six hours in a workday). However, the ALJ apparently did not notice "Page 2" of the form was missing, and did not make a finding as to what the opinion of the reviewing state agency medical consultant was with regard to exertional level generally; or sitting, standing, or walking capacity specifically. The court is prohibited from weighing the evidence in the first instance, and therefore must remand for a proper determination

regarding the consultant's opinion, and regarding the weight accorded that opinion. The court does not intend to imply that it was error for the ALJ to proceed without having "Page 2" of the form available for his review. Rather, he could have made a finding regarding the opinion of the reviewing state agency medical consultant, or explained why he could not do so, and explained how he considered the fact of the missing page.

Second, the ALJ stated he accorded "substantial weight" to the opinion of Dr. Tomecek, and stated why he did not accord substantial weight to Dr. Tomecek's opinion that Plaintiff could sit only four hours in a workday. (R. 15). However, Dr. Tomecek also found Plaintiff can stand and walk only a total of four hours in a workday, whereas the ALJ found Plaintiff able to stand or walk a total of six hours. Compare (R. 14, 522-24) (Dr. Tomecek's opinion that Plaintiff can stand and walk two hours each in a workday); with (R. 13) (finding Plaintiff able to stand or walk six hours in a workday). The ALJ explained why he did not accept Dr. Tomecek's opinion regarding Plaintiff's capacity for sitting, but he did not acknowledge the conflict between Dr. Tomecek's opinion and the RFC assessed by the ALJ, and did not explain why he did not accept Dr. Tomecek's opinion in this regard despite purporting to accord "substantial weight" to Dr. Tomecek's opinion. (R. 15). Neither Plaintiff nor the Commissioner addressed this ambiguity in his brief. This is one more ambiguity which the ALJ did not resolve, which the court is unable to resolve without de novo consideration, and which requires remand for a proper resolution.

Finally, although the ALJ's hypothetical question included sitting, standing, and walking limitations which would allow light work but Plaintiff "would have to remain sitting every thirty minutes" (R. 48), the vocational expert indicated his understanding that the hypothetical required alternation. (R. 49) ("there's a limit to the number of jobs that would allow the alternation that you requested"). Therefore, it is not clear whether the expert understood the ALJ's hypothetical to include a requirement for alternate sitting and standing at thirty minute intervals. Resolution of this ambiguity is necessary before the court can determine whether the hypothetical question precisely matched the RFC assessed by the ALJ. Again, the ALJ did not even seem to notice this ambiguity, and did not address it in the decision. Perhaps the ALJ intended his hypothetical to indicate alternate sitting and standing at thirty minute intervals, but it is not clear. The court cannot determine the actual hypothetical question from the ambiguous record presented.

Each of the ambiguities identified by the court relates to the ALJ's assessment of Plaintiff's capacity for sitting, standing, and walking, and together they present a situation in which it is by no means clear that the ALJ's RFC assessment is based upon a proper consideration of the evidence in the record as a whole. Therefore, this case must be remanded for the Commissioner to clarify the ambiguities identified and to properly assess Plaintiff's RFC based upon consideration of the entire record.

**IT IS THEREFORE ORDERED** that the Commissioner's decision be REVERSED, and that judgment be entered in accordance with the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for proceedings consistent with this opinion.

Dated this 21st day of December 2010, at Kansas City, Kansas.


                                                s/ John W. Lungstrum
                                                **John W. Lungstrum**
                                                **United States District Judge**